TRIVELLA & FORTE, LLP
*Attorneys for the Plaintiffs*
1311 Mamaroneck Avenue, Suite 170
White Plains, NY 10605
(914) 949-9075

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x

THOMAS GESUALDI, LOUIS BISIGNANO, DARIN JEFFERS, MICHAEL O'TOOLE, MICHAEL BOURGAL, FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC HERBST, DENISE RICHARDSON, and THOMAS CORBETT as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund,

**Case No.:  18-CV-719**

**COMPLAINT**

Plaintiffs,

-against-

TIGHTSEAL CONSTRUCTION INC.,

Defendant.
-------------------------------------------------------------------------------x

Plaintiffs Thomas Gesualdi, Louis Bisignano,  Darin Jeffers, Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Denise Richardson, and Thomas Corbett as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund, (collectively, the "Funds"), for their Complaint, by their attorneys Trivella & Forte, LLP, allege as follows:

**INTRODUCTION**

This is an action by the Trustees and fiduciaries of employee benefit plans for injunctive and monetary relief, plus interest, liquidated damages, attorneys' fees and costs under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§

1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1381, *et seq*. ("MPPAA"), and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.

This action arises from (i) the failure and refusal of Defendant TIGHTSEAL CONSTRUCTION INC., ("TIGHTSEAL") to submit remittance forms and payment of unpaid contributions and attendant damages for the period November 2016 to the present as required by ERISA, the Trust Agreement governing the Funds, and the applicable collective bargaining agreement, and (ii) Defendant's failure to submit its pertain books and record for audit for the period commencing May 19, 2016.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to Sections 502(e), 502(f), 515 and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), 1145, and 1451(c).

2.      Venue lies in this District pursuant to Sections §§ 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Funds are administered in this District.

## PARTIES

3.      Plaintiffs are Trustees and fiduciaries of the Funds and, collectively, are the "plan sponsor" within the meaning of Section 3(l6)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).  The Trustees are fiduciaries of the Funds, as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(2 l)(A).

4.      The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and § 1002(37) with their principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042.

5.      The Funds are jointly administered by a Board of Trustees, with equal representation of labor and management representatives in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

6.      The Funds were established pursuant to the terms of various collective bargaining agreements between Building Material Teamsters Local 282 ("Local 282" or "Union"), a labor organization representing workers in an industry affecting commerce, and various employers, including TIGHTSEAL, which are required to make contributions to the Funds on behalf of their workers covered by the collective bargaining agreements.

7.      The Funds are maintained pursuant to the terms of the Amended and Restated Agreement and Declaration of Trust ("Trust Agreement"), which is incorporated by reference into the collective bargaining agreements.  The Funds provide various pension, health and welfare, annuity, job training, vacation and sick leave, and legal services benefits to covered workers, retirees and their dependents.

8.      The collective bargaining agreements and the Trust Agreement are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).  The Funds are third-party beneficiaries of the collective bargaining agreements.

9.      Upon information and belief, TIGHTSEAL at all times relevant to this action was and is, a New York domestic business corporation located, doing business, and having its principal place of business at 2800 Bruckner Bouvard, Suite 201, Bronx, New York 10465.

10.      Upon information and belief, TIGHTSEAL is, and at all times relevant to this action has been, engaged in the transportation of building materials within, *inter alia*, the State of New York.

11. TIGHTSEAL at all times relevant to this action was and is, an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Article I, Section 1 of the Trust Agreement.

## FACTUAL BASIS FOR CLAIMS

The Collective Bargaining Agreement, the Trust Agreement and
the Obligations to Contribute to the Funds

12. At all times relevant to this action, TIGHTSEAL was a signatory to the Havey Construction & Excavating Contract in effect for the period July 1, 2013 through June 30, 2017, and renewed for the period July 1, 2017 to June 30, 2021 (the "CBA").

13. At all times relevant to this action, TIGHTSEAL agreed to be bound by the Trust Agreement, which is incorporated by reference into the CBA.

14. The CBA expressly provides that the Employer is bound to the Trust Agreement.

15. At all times relevant to this action, the CBA requires Employers, including TIGHTSEAL, to submit remittance reports to the Funds which identify the employees who performed work covered by the CBA and to state the number of hours each such employee worked in covered employment.

16. Along with the remittance reports, the CBA also requires Employers, including TIGHTSEAL, to remit contributions to the Funds on behalf of all employees who performed work covered by the CBA, at specified rates for each hour of covered employment, subject to certain limitations set forth in the CBA.

17. The Trust Agreement provides that if the Employer fails to remit contributions by the date due, the Employer is liable to the Funds for (i) the delinquent contributions; (ii) interest at the rate of 1.5% per month (18% per year) from the first day of the month when the payment was

due through the date of payment;[1] (iii) an amount equal to the greater of (a) the amount of interest charged on the unpaid contributions, or (b) liquidated damages in the form of 20 percent of the unpaid contributions; and (iv) the Funds' attorneys' fees and costs.

18.     The Trust Agreement further requires an Employer to submit to periodic audits of its pertinent books and records.  Specifically, Article IX, Section 1(d) of the Trust Agreement provides that "[t]he Trustees may at any time audit the pertinent books and records of any Employer in connection with" the Employer's contributions to the Funds.

19.     Article IX, Section 1(d) of the Trust Agreement specifically defines "pertinent books and records" to include but not be limited to:

(A)     Payroll records, including payroll journals, time cards, print-outs, ledgers or any other form of payroll record;

(B)     Payroll tax records submitted to federal and state governments including Forms 941, and W-2;

(C)     Complete business income tax returns;

(D)     Cash disbursement records;

(E)     General ledgers;

(F)     Records relating to the hiring of trucks, including equipment vouchers, invoices and payment records; and

(G)     Any other records specifically requested by the Funds' auditors, including the classification of employees, their social security numbers, and the amount of wages paid and hours worked.

20.     The Trust Agreement requires an Employer to submit its pertinent books and records to audit in order to verify that all contributions required under the CBA have been remitted to the Funds, that such contributions have been made solely on behalf of individuals eligible to participate in the Funds, and that covered workers are receiving the required benefits and/or credits.

21.      Where an audit discloses a delinquency, an Employer, in addition to paying the contributions identified as being owed, is required under Article IX, Section 3 of the Trust

---

[1] Pursuant to an Amendment to the Trust Agreement, effective May 1, 2013, interest is due on contributions "from the date when payment was due to the date when payment was made."

Agreement to pay interest on the amount of contributions due, plus liquidated damages, audit fees, attorneys' fees, and costs.

22.     Article IX, Section 4 of the Trust Agreement, with the sanction of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorizes the Trustees to bring actions to enforce an Employer's obligations to the Funds under its collective bargaining agreements with Local 282, including the obligation to make contributions to the Funds.

**Defendant's Failure to Submit to Audit**

23.     The Funds, through the Funds' auditors, notified TIGHTSEAL of the right to audit and demanded an audit of TIGHTSEAL's books and records for the period commencing April 26, 2012.

24.     By letters dated September 15, 2017, October 3, 2017 and October 24, 2017, the Funds, made a written demand to TIGHTSEAL that it submit to audit and produce its books and records.

25.     To date, TIGHTSEAL has failed and refused to submit the documents necessary to perform an audit and pay any amounts which may be due as a result of an audit.

26.     Article IX, Section 1(f) of the Trust Agreement provides that the Trustees may "apply for and be entitled to a mandatory injunction directing the Employer to produce its said books and records for audit."

27.     Article IX, Section 1(e) of the Trust Agreement further provides that an Employer who fails to submit the required remittance reports and/or pertinent books and records within twenty (20) days of written demand must pay an increased monthly contribution, which is computed by first adding 10% to the number of hours for the month in which the largest number of hours were reported in the previous twelve (12) remittance reports submitted by the Employer

(hereinafter referred to as the "base month").  This Section of the Trust Agreement further provides that: (1) in the event that an audit discloses unreported hours for the base month, the amount of said unreported hours plus 10% thereof shall be added to arrive at the total number of covered hours, and (2) if there is no base month because there are no previous remittance reports or audit reports, then the Employer shall be deemed to have the number of employees that the Union reports in writing that the Employer is employing, with each employee deemed to have worked 40 hours per week for the entire unreported period.  Once a total number of covered hours is arrived at by the above-described methods, it is then multiplied by the current contribution rates to determine the Employer's contribution liability.

28.     Article IX, Section 1(f) of the Trust Agreement additionally provides that an Employer who submits the required remittance reports, but thereafter fails to comply with an audit request within twenty (20) days of written demand, is liable for an additional monthly contribution, which is computed "by taking 50 percent of the number of hours reported for that month and multiplying said number of hours by the current contribution rate."

**Failure to Submit Remittance Reports and Contributions to the Funds**

29.     The Trust Agreement requires employers to submit remittance to the Funds.

30.     TIGHTSEAL has failed to submit remittance reports and contributions for the period November 2016 to the present.

31.     By letter dated March 29, 2017, the Funds demanded the submission of missing remittance reports and contributions from November 2016 to the present.

32.     By letter dated July 3, 2017, the Funds, through counsel, again demanded the submission of missing remittance reports and contributions.

33.     To date, TIGHTSEAL has failed and refused to submit the remittance reports, and is therefore liable for the unpaid contributions and/or estimated contributions as determined by the methods set forth in the Trust Agreement, plus interest, liquidated damages and attorneys' fees and costs.

**Other amounts**

34.     On information and belief, additional amounts may continue to become due and owing by the Employer to the Funds during the pendency of this action.

**AS AND FOR A FIRST CAUSE OF ACTION**
**AGAINST DEFENDANT TIGHTSEAL**

35.     Plaintiffs' repeat and reallege each and every allegation contained in paragraphs "1" through "34" as if fully set forth herein.

36.     Section 515 of ERISA, 29 U.S.C. § 1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement… [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

37.     Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a) (3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this title or the terms of the plan."

38.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), mandates that, "[i]n any action bought by a fiduciary on behalf of a Plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

a.     the unpaid contributions,

      b.      interest on the unpaid contributions,

      c.      an amount equal to the greater of-

             i.      interest on the unpaid contributions, or

             ii.      liquidated damages…in an amount not in excess of 20 percent of the [unpaid contributions],

      d.      reasonable attorney's fees and costs of the action, to be paid by the defendant, and

      e.      such other legal or equitable relief as the court deems appropriate…".

39.      TIGHTSEAL by failing to submit remittance reports and contributions as required by the CBA and the Trust Agreement and the Audits, has violated Section 515 of ERISA, 29 U.S.C. §1145, in that it has failed to make contributions in accordance with the terms of the plan documents of the Funds, thereby giving rise to an action under 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and is, thus, subject to the remedies under Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Trust Agreement.

40.      TIGHTSEAL is also required to pay interest on monies due, liquidated damages, audit fees, attorney's fees, and costs in accordance with Article IX, Section 3 of the Trust Agreement and Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT TIGHTSEAL

41.      Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "40" as if fully set forth herein.

42.      TIGHTSEAL, by its failure to remit contributions for the period November 2016 to the present upon demand by the Funds, is subject to an injunction ordering it to immediately pay all of the unpaid contributions.

43.      TIGHTSEAL is also required to pay the full unpaid contributions, interest on the unpaid contributions from the first day of the month when they were due to the date they are received by the Funds, plus liquidated damages, audit costs, attorneys' fees and costs in accordance

with Article IX, Section 3 of the Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. §

1132(g)(2), except that for payments due after May 1, 2013, interest is due on contributions shall

be due from the date when payment was due to the date when payment was made.

## AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANT TIGHTSEAL

44.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1"

through "43" as if fully set forth herein.

45.     Section 301 of the LMRA, 29 U.S.C. §185(a), provides a federal cause of action

for "[s]uits for violation of contracts between an employer and a labor organization."

46.     By failing to pay the contributions and other amounts owing including interest on

the late paid contributions, the Employer has violated the CBA and the Trust Agreement, which is

incorporated into the CBA.

47.     By failing to timely pay the contributions and other amounts owing, the Employer

has violated the CBA and the Trust Agreement, which is incorporated into the CBA.

48.     The Funds are thus entitled under the LMRA Section 301(a), as well as the CBA

and the Trust Agreement, to the unpaid contributions, interest on the late paid-contributions,

interest on the unpaid contributions, liquidated damages, and attorney's fees and costs.

## AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANT TIGHTSEAL

49.     Plaintiffs' repeat and reallege each and every allegation contained in paragraphs

"1" through "48" as if fully set forth herein.

50.     TIGHTSEAL, by virtue of its failure to submit its books and records to audit, is

subject to an injunction ordering it to immediately submit to such audit and is further required to

pay all contributions due according to the audit, interest on the delinquent contributions, liquidated damages, audit fees, attorneys' fees, and costs.

51.     TIGHTSEAL, by virtue of its failure to submit its books and records to audit for the period commencing May 19, 2016 within twenty (20) days of written demand, is further liable for an increased monthly contribution amount for each month during the period for which the books and records were not produced.

52.     In accordance with Article IX, Section 1(e) of the Trust Agreement, for each month in which an Employer failed to submit remittance reports and/or failed to submit pertinent books and records to the Funds' auditors within twenty (20) days of written demand, the Employer's contribution rate due under the Trust Agreement provision is computed as stated therein.

53.     In accordance with Article IX, Section 1(f) of the Trust Agreement, for each month in which an Employer did submit remittance reports but failed to submit pertinent books and records for audit within twenty (20) days of written demand, the Employer's increased monthly contribution rate due under this Trust Agreement provision is computed as stated therein.

54.     TIGHTSEAL is also required to pay interest on contributions due, liquidated damages, audit fees, attorneys' fees, and costs in accordance with Article IX, Section 3 of the Trust Agreement and Section 502(g) of ERISA, 29 U.S.C. §1132(g).

55.     TIGHTSEAL, by failing to submit its books and records to audit and/or pay amounts due as a result of an audit or estimated audit as required by the CBA and the Trust Agreement, has violated Section 515 of ERISA, 29 U.S.C. §1145, by failing to make contributions in accordance with the terms of the plan documents of the Funds, supporting an action authorized by 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), and is subject to the remedies under Section 502(g) of ERISA, 29 U.S.C. §1132(g).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that the Court enter judgment:

1.       Ordering TIGHTSEAL CONSTRUCTION INC. to submit remittance forms for the period November 2016 to the present and pay (i) unpaid contributions, (ii) interest on the unpaid contributions at the rate of 18% per annum from the date when payment was due through the date of payment, and (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages of 20 percent of the unpaid contributions; and

2.       Ordering TIGHTSEAL TRANSPORT INC. to submit its complete books and records to audit by providing the Funds with all pertinent books and records, including but not limited to the books and records listed in Article IX, Section 1(d) of the Trust Agreement, for the period commencing May 19, 2016 to the present; and

3.       Ordering TIGHTSEAL TRANSPORT INC. to pay: (i) any contributions identified by the audit as being due and owing; (ii) interest on the contributions at the rate of 18% per annum from the date when payment was due to the date when payment was made, through the date judgment is entered; (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages of 20 percent of the unpaid contributions; and (iv) the cost of the audit; and

4.       Ordering TIGHTSEAL to pay the Funds their reasonable attorneys' fees and costs, in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D); Section 301 of LMRA, and Article IX, Section 3(a) of the Trust Agreement, in an amount to be determined; and

5.      For such other and further equitable relief as this Court deems appropriate.


Dated: White Plains, New York
        February 1, 2018

                                                Yours, etc.,

                                                TRIVELLA & FORTE, LLP

                                                s/ *Arthur J. Muller III*

                                                _____
                                                ARTHUR J. MULLER III
                                                *Attorneys for Plaintiffs*
                                                1311 Mamaroneck Avenue, Suite 170
                                                White Plains, New York 10605
                                                Tel. No.: (914) 949-9075


To:     TIGHTSEAL CONSTRUCTION INC.
        2800 Bruckner Blvd., Suite 201
        Bronx NY 10465