UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

THOMAS GESUALDI, LOUIS BISIGNANO, DARIN
JEFFERS, MICHAEL O'TOOLE, MICHAEL
BOURGAL, FRANK H. FINKEL, JOSEPH A.
FERRARA, SR., MARC HERBST, DENISE
RICHARDSON, AND THOMAS CORBETT AS
TRUSTEES AND FIDUCIARIES OF THE LOCAL 282
WELFARE TRUST FUND, THE LOCAL 282
PENSION TRUST FUND, THE LOCAL 282 ANNUITY
TRUST FUND, THE LOCAL 282 JOB TRAINING
TRUST FUND, AND THE LOCAL 282 VACATION
AND SICK LEAVE TRUST FUND

For Online Publication Only

**FILED**
**CLERK**

2:12 pm, Jan 25, 2022

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**

Plaintiffs,          18-CV-719 (JMA) (AKT)

-against-

TIGHTSEAL CONSTRUCTION INC.,

Defendant.
---------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Before the Court is the motion of Plaintiffs for default judgment against Defendant

Tightseal Construction Inc. ("Defendant" or "Tightseal").  For the reasons stated herein, Plaintiffs'

motion is GRANTED, and Plaintiffs are awarded a default judgment against Defendant in the

amount of $325,600.44.

## I.  DISCUSSION

### A.  Defendant Defaulted

Defendant was properly served in this action.  After Plaintiffs filed an initial motion for

default judgment, Defendant eventually appeared, months later, and the motion for default

judgment was denied without prejudice.  However, in July 2020, defense counsel filed a motion to

withdraw.  That motion was granted in August 2020 and Defendant was warned that Plaintiffs could renew their motion for default of judgment if Defendant failed to obtain new counsel. Defendant did not obtain new counsel and has not participated in this litigation since defense counsel was permitted to withdraw in August 2020.  Defendant, which is a corporation, has defaulted as it failed to obtain counsel and is not defending this action.

**B.  Liability**

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law.  Id.  Here, the allegations in the Complaint are sufficient to establish Defendant's liability for the three causes of action alleged in the Complaint.  (See Compl. ¶¶ 35–48, ECF No. 1.)

**C.  Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'"  Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

The Court finds that the submissions in Plaintiffs' motion for default judgment establish the following damages to a reasonable certainty:

(1) For the period June 2016 through October 2016:

      a. $21,311.66 in estimated unpaid contributions;

      b. $17,853.17 in interest calculated through May 31, 2021;

      c. $2,501.38 in additional interest calculated from June 1, 2021 until the entry of this order (based on per diem interest of $10.51);

      d. $17,853.17 in liquidated damages calculated through May 31, 2021; and

      e. $2,501.38 in additional liquidated damages calculated from June 1, 2021 until the entry of this order (based on per diem interest of $10.51).

(2) For the period November 2017 through June 2017:

      a. $85,042,72 in estimated unpaid contributions;

      b. $70,268.18 in interest calculated through May 31, 2021;

      c. $9,981.72 in additional interest calculated from June 1, 2021 until the entry of this order (based on per diem interest of $41.94);

      d. $70,268.18 in liquidated damages calculated through May 31, 2021; and

      e. $9,981.72 in additional liquidated damages calculated from June 1, 2021 until the entry of this order (based on per diem interest of $41.94).

(3) $346.23 in interest on late-paid contributions for the periods June 2016, August 2016 and October 2016.

All of the above damages result in a total of $307,909.51

## D. <u>Attorney's Fees and Costs</u>

Plaintiffs also request an award of $17,690.93 in attorney's fees and litigation costs incurred in litigating this action.  Plaintiffs are entitled to recover reasonable attorney's fees and costs pursuant to the CBA and ERISA.  29 U.S.C. § 1132(g)(2)(D).  In determining a reasonable attorney's fees award, both the Supreme Court and Second Circuit "have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—

creates a presumptively reasonable fee." <u>Millea v. Metro–North R.R. Co.</u>, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation omitted).  Such "[a] reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay." <u>Barrella v. Vill. of Freeport</u>, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted).  "[A] district court should generally use the prevailing hourly rates in the district where it sits." <u>Joseph v. HDMJ Rest., Inc.</u>, 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013).

The Court has reviewed the billing records and finds the attorney's fees and litigation costs detailed therein to be reasonable.  Accordingly, Plaintiffs are awarded $17,690.93 in attorney's fees and costs.  Thus, in total, Plaintiffs are awarded $325,600.44

## II.  CONCLUSION

For the reasons stated above, Plaintiffs' motion for a default judgment is granted.  The Clerk of the Court is respectfully directed to enter judgment against Defendant as follows: Defendant Tightseal Construction Inc. is liable to Plaintiffs for $325,600.44.  The Clerk of the Court is directed close this case.

**SO ORDERED.**

Dated:  January 25, 2022
Central Islip, New York

                                  <u>      /s/    (JMA)          </u>
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE